```
                                                    FILED
ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE                          2012 SEP 26  PM 2: 33
Assistant United States Attorney
Chief, Criminal Division                   CLERK U.S. DISTRICT COURT
WESLEY L. HSU (Cal. Bar No.  )             CENTRAL DIST. OF CALIF.
ELIZABETH R. YANG (Cal. Bar No. 196461)          LOS ANGELES
1500 United States Courthouse              BY:_____
312 North Spring Street
Los Angeles, California  90012
Telephone: (213) 894-3045/1785
E-mail:  wesley.hsu@usdoj.gov
         elizabeth.yang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 12 00927 |
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| VIVEK SHAH, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

    ____ 1. <u>Temporary 10-day Detention Requested (§ 3142(d))</u> <u>on the following grounds</u>:

        ____ a. present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation) (parole); <u>or</u>

```
  1                ____  b.  defendant is an alien not lawfully admitted for
  2                         permanent residence; and
  3                ____  c.  defendant may flee; or
  4                ____  d.  pose a danger to another or the community.
  5      X    2.  Pretrial Detention Requested (§ 3142(e)) because no
  6                condition or combination of conditions will
  7                reasonably assure:
  8                 X    a.  the appearance of the defendant as required;
  9                 X    b.  safety of any other person and the community.
 10     ____  3.  Detention Requested Pending Supervised
 11                Release/Probation Revocation Hearing (Rules
 12                32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):
 13                ____  a.  defendant cannot establish by clear and
 14                         convincing evidence that he/she will not pose a
 15                         danger to any other person or to the community;
 16                ____  b.  defendant cannot establish by clear and
 17                         convincing evidence that he/she will not flee.
 18     ____  4.  Presumptions Applicable to Pretrial Detention (18
 19                U.S.C. § 3142(e)):
 20                ____  a.  Title 21 or Maritime Drug Law Enforcement Act
 21                         ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense
 22                         with 10-year or greater maximum penalty
 23                         (presumption of danger to community and flight
 24                         risk);
 25                ____  b.  offense under 18 U.S.C. §§ 924(c), 956(a), 2332b,
 26                         or 2332b(g)(5)(B) with 10-year or greater maximum
 27
 28
```

|   |   |   |   |
|---|---|---|---|
| | | | penalty (presumption of danger to community and flight risk); |
| | ____ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
| | ____ | d. | defendant currently charged with an offense described in paragraph 5a - 5e below, **AND** defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), **AND** that previous offense was committed while defendant was on release pending trial, **AND** the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |
| __X__ | 5. | | **Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:** |
| | __X__ | a. | a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more; |

3

|     |     |    |                                                                 |
|-----|-----|----|-----------------------------------------------------------------|
| 1   | ___ | b. | an offense for which maximum sentence is life imprisonment or death; |
| 3   | ___ | c. | Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |
| 5   | ___ | d. | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |
| 11  | ___ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| 17  | _X_ | f. | serious risk defendant will flee; |
| 18  | _X_ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| 22  | ___ | 6. | Government requests continuance of ____ days for detention hearing under § 3142(f) and based upon the following reason(s): |

_____

_____

_____

```
     7.   Good cause for continuance in excess of three days
          exists in that:
```

_____

_____

_____

DATED: September 24, 2012        Respectfully submitted,

*/s/ Elizabeth R. Y*
WESLEY L. HSU
ELIZABETH R. YANG
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA